# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CITY OF DAYTON,

         Plaintiff,

-vs-

A.R. ENVIRONMENTAL, INC., *et al.*,

         Defendants.

Case No. 3:11-cv-383

District Judge Walter Herbert Rice
Magistrate Judge Michael J. Newman

## ORDER

There have been multiple claims asserted against a number of parties in this case. On October 28, 2011, Plaintiff initiated this action against Defendants A.R. Environmental, Inc., Alex Penland, and John Doe. Doc. 1. On February 2, 2012 *pro se* Defendant Alex Penland filed his Answer, and asserted counterclaims against Plaintiff, as well as multiple cross against third parties. Doc. 8. On February 7, 2012, Plaintiff moved to dismiss Defendant Penland's counterclaims. Doc. 9. Defendant Penland subsequently amended his counterclaims on February 14, 2012, *see* doc. 12, and Plaintiff filed a supplemental motion to dismiss on February 28, 2012. Doc. 15.

Now before the Court is *pro se* Defendant Penland's motion "for continuance of Plaintiff['s] motion to dismiss." Doc. 14. *Pro se* Defendant Penland appears to be concerned that, in ruling on Plaintiff's motion to dismiss, the Court will consider matters outside the pleadings and treat the motion as one for summary judgment under Rule 56. Citing to Civil Rule 12(d), Plaintiff requests the Court to stay its ruling on Plaintiff's motion to dismiss for at least sixty days to give him an opportunity to conduct discovery. *See id.*

Having reviewed Plaintiff's motion to dismiss, the Court finds that it is unnecessary to stay its ruling on the motion so that Defendant Penland can conduct discovery. The motion to dismiss is on purely legal grounds, and the Court need not consider matters beyond the pleadings. Therefore, Defendant Penland's motion for a continuance (doc. 14) is **DENIED**. Defendant Penland is **ORDERED** to respond to Plaintiff's initial and amended motions to dismiss no later than **March 30, 2012**.

Also before the Court is Plaintiff's request to stay discovery pending the Court's ruling on its motion to dismiss. Doc. 16. According to Plaintiff, Defendant Penland has already served discovery on it. *See id.* As a preliminary matter, the Court notes that such discovery requests may be in violation of Civil Rule 26(d), which prohibits parties from seeking discovery before their Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). Plaintiff asserts that it has not yet conferred with Defendant Penland pursuant to Rule 26(f). *See* doc. 16 at PageID 175-76.

In light of the Court's broad discretion to stay discovery, especially "where claims may be dismissed based on legal determinations that could not [be] altered by any further discovery," *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003), the Court concludes that it is appropriate to stay discovery pending resolution of the motion to dismiss in this case. Plaintiff's motion to dismiss presents only legal questions. *Cf. Veracity Grp., Inc. v. Cooper-Atkins Corp.*, No. 1:11-cv-526, 2012 U.S. Dist. LEXIS 5629, at *1-2 (S.D. Ohio Jan. 18, 2012). Accordingly, Plaintiff's motion to stay discovery (doc. 16) is **GRANTED**. All discovery in this case is hereby **STAYED** pending the Court's ruling on Plaintiff's initial and amended motions to dismiss (docs. 9, 15).

**IT IS SO ORDERED.**

March 6, 2012                                                 s/ **Michael J. Newman**
                                                                       United States Magistrate Judge