# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CITY OF DAYTON, :

        Plaintiff,

Case No. 3:11-cv-383

Magistrate Judge Michael J. Newman
(Consent Case)

-vs- :

A.R. ENVIRONMENTAL, INC., *et al.*,

        Defendants. :

---

**ORDER: (1) GRANTING PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT AGAINST DEFENDANT A.R. ENVIRONMENTAL, INC. (DOC. 56); AND (2) SCHEDULING THE DAMAGES HEARING ON JUNE 29, 2012 AT 9:30 A.M.**

---

This matter is before the Court on Plaintiff's motion for default judgment against Defendant A.R. Environmental, Inc. ("A.R.") (doc. 56) and related request for a damages hearing.

Sherman Bradley, statutory agent for A.R., waived service of a summons on behalf of A.R. Doc. 5. A.R. was thus required to "file and serve an answer or a motion under Rule 12" by January 3, 2012 (60 days from November 4, 2011, the date when the request to waive service of a summons was sent). *Id.* To date, an attorney has never entered an appearance on behalf of A.R.[1] Accordingly, on April 17, 2012, Plaintiff requested an entry of default against A.R. pursuant to Fed. R. Civ. P. 55(a). Doc. 39.

---

[1] The Court notes that Defendant Penland, who was the incorporator and President of A.R., *see* doc. 8 at PageID 100, has attempted to represent A.R. throughout the proceedings thus far. The Court has advised Defendant Penland -- both orally during the scheduling conference and in writing, *see* doc. 34 at PageID 284 -- that he cannot represent A.R., a corporation, because he is not a licensed attorney. *See Rowland v. California Men's Colony*, 506 U.S. 194, 217 (1993); *Gerber v. Riordan*, 649 F.3d 514, 516 (6th Cir. 2011).

On April 23, 2012, the Court, acting *sua sponte*, issued an Order to Show Cause to A.R. "on or before May 7, 2012 why a default judgment should not be entered against it," and a copy was mailed to Mr. Bradley, statutory agent of A.R. Doc. 44. A.R. never responded to the Show Cause Order. The Clerk entered a default against A.R. on May 9, 2012. Doc. 53.

The Court finds that the requirements in Fed. R. Civ. P. 55(a) and (b) have been satisfied. Accordingly, Plaintiff's motion for default judgment against A.R. (doc. 56) is **GRANTED**. The Clerk, therefore, is **ORDERED** to enter judgment against Defendant A.R. Environmental, Inc.

Plaintiff also requests a hearing to determine the amount of damages against A.R. *See* doc. 56. The Court hereby schedules the damages hearing on **Friday, June 29, 2012 at 9:30 a.m. in Courtroom 4.**

**IT IS SO ORDERED.**

May 22, 2012                                         s/ **Michael J. Newman**
                                                     United States Magistrate Judge