# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CITY OF DAYTON, | : | |
| Plaintiff, | | Case No. 3:11-cv-383 |
| -vs- | : | Magistrate Judge Michael J. Newman (Consent Case) |
| A.R. ENVIRONMENTAL, INC., *et al.*, | | |
| Defendants. | : | |

## ORDER

The Court held a conference telephone call on June 1, 2012. Attorney John Musto appeared on behalf of Plaintiff City of Dayton ("the City"); Defendant Alex Penland ("Penland") appeared *pro se*; and Attorney Joshua Kin appeared on behalf of Third-Party Defendant Steve Rauch, Inc.[1]

During the conference call, all parties were afforded an opportunity to present oral argument on any pending motions. Penland presented arguments on his motion to compel discovery against the City (doc. 61). As Penland attempted to resolve his discovery dispute extrajudicially prior to filing his motion to compel, *see* doc. 59-2; Fed. R. Civ. P. 37(a); S.D. Ohio L.R. 37.2, this motion was properly before the Court. With respect to the motion to compel, the City and Penland reached the following compromise during the telephone conference: On or before June 20, 2012, the City will produce Penland's requested discovery in paper format by mailing it to him at his prison address. This Order shall not limit the City's right to object to Penland's discovery requests. Pursuant to the parties' agreement, Penland's motion to compel (doc. 61) is therefore **DENIED AS**

---

[1] The Court scheduled this conference in response to Defendant Penland's "motion for discovery conference call" (doc. 63). Therefore, Penland's motion (doc. 63) is **GRANTED**.

**MOOT**.

Also pending before the Court is Penland's "motion to extend amended pleading and/or to add parties" (doc. 59).  Penland claims that "he *may* need to amend its complaint and add new parties based upon discovery of new information during the discovery process."  This motion (doc. 59) is **DENIED**.  The Court advises Penland that, if he discovers new parties during the discovery process after the deadline for amendment of pleadings has expired, he may ask the Court for leave to amend his pleadings at that time.  At this time, however, it is premature to do so.

Penland also filed a motion requesting the Court to stay its ruling on Plaintiff's motion for a default judgment against Defendant A.R. Environmental, Inc. until certain Third-Party Defendants are served (doc. 60).  The requirements to obtain a default judgment in Fed. R. Civ. P. 55 were met.  Accordingly, on May 22, 2012, the Court granted the City's motion for default judgment.  Doc. 66.  This motion (doc. 60) is therefore **DENIED AS MOOT**.

In sum, the Court **ORDERS** as follows:

1. Penland's motion for a discovery conference call (doc. 63) is **GRANTED**;

2. Penland's motion to compel (doc. 61) is **DENIED AS MOOT**.  On or before June 20, 2012, Plaintiff shall mail Penland the requested discovery in paper format;

3. Penland's motion to extend the deadline to amend pleadings (doc. 59) is **DENIED**; and

4. Penland's motion to stay the Court's ruling on the default judgment motion (doc. 60) is **DENIED AS MOOT**.

June 4, 2012                                      s/ **Michael J. Newman**
                                                    United States Magistrate Judge

2