# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

CITY OF DAYTON,                          :

                Plaintiff,

      -vs-                               :

A.R. ENVIRONMENTAL, INC., *et al.*,

                Defendants.                :

Case No. 3:11-cv-383

Magistrate Judge Michael J. Newman
(Consent Case)

---

**ORDER DISMISSING PENLAND'S *PRO SE* THIRD-PARTY CLAIMS AGAINST STEVE RAUCH, INC., MICHAEL CROMARTIE, MARK MUELLER, WILLIAM O'CONNELL, MICHAEL JOHNSON, AND AMERICAN CONTRACTING SERVICES, INC.; AND DENYING DEFENDANT PENLAND'S *PRO SE* MOTIONS (DOCS. 69, 93, 95, 97, 100)**

---

This consent case (*see* doc. 30) was initiated in October 2011 by Plaintiff City of Dayton ("City") against Defendants A.R. Environmental, Inc. ("A.R."), Alex Penland (the alleged incorporator, primary shareholder and President of A.R.) ("Penland"), and Unknown John and Jane Doe Employees, Officers, and Shareholders of A.R.  Doc. 1.  The lawsuit arises out of three contracts between the City and A.R. to perform asbestos surveys, asbestos remediation, and demolition activities on properties located in Dayton.  *See id.*  The City claims that A.R. failed to comply with the terms of these contracts, and also violated federal, state and local laws and regulations.  *See id.*  To that end, the City asserts causes of action against Defendants under the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9613(b), *et seq.*, as well as related breach of contract and tort claims (*i.e.,* unjust enrichment, negligence, nuisance, and fraud).  *See id.*  In turn, Penland, proceeding *pro se*, filed counterclaims against the City.  *See* docs. 8, 12, 33. (The Court has already dismissed Penland's counterclaims in a

previous Order, however. *See* doc. 64.) Penland has also filed *pro se* third-party claims against eleven individuals and entities. *See* docs. 12, 33, 41.

Throughout this litigation, Penland has attempted, and continues to attempt, to represent A.R. in his pleadings. The Court has advised him – both orally during the scheduling conference and in writing, *see* docs. 34, 44 – that he cannot represent A.R., a corporation, because he is not a licensed attorney. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 217 (1993); *Gerber v. Riordan*, 649 F.3d 514, 516 (6th Cir. 2011). Further, because no attorney ever appeared or otherwise pled on behalf of A.R., a default judgment was entered against A.R. pursuant to Rule 55 on May 22, 2012.[1] *See* doc. 66. This matter is now before the Court upon multiple motions related to Penland's third-party claims.

## I. Penland's *Pro Se* Third-Party Claims

Six Third-Party Defendants have filed motions to dismiss Penland's *pro se* third-party claims:[2] Steve Rauch, Inc. ("SRI") (docs. 47, 92);[3] Michael Cromartie, Michael Johnson, Mark Mueller and William O'Connell (doc. 72); and American Contracting Services, Inc. ("ACS") (doc. 75). Penland has not filed responsive memoranda to these dismissal motions.

To survive these motions to dismiss pursuant to Civil Rule 12(b)(6), Penland's third-party claims "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v.*

---

[1] A.R.'s statutory agent waived service on behalf of A.R. *See* doc. 5. However, no attorney ever appeared or otherwise pled on behalf of A.R.; nor was there ever a response to the Court's *sua sponte* Show Cause Order to A.R. *See* doc. 44.
[2] In this case, Penland has filed a Third Party Complaint (doc. 12), an Amended Third Party Complaint (doc. 33), and a Second Amended Third Party Complaint (doc. 41) (which incorporated his earlier pleading (doc. 8)) against eleven individuals and entities. He has since moved to amend his third-party claims several more times. *See* docs. 69, 94, 100.
[3] Steve Rauch, Inc. technically filed two motions to dismiss. It filed its initial dismissal motion on April 30, 2007 (doc. 47). Then, on July 9, 2012, it renewed its motion to dismiss in response to Penland's motion to amend his Third-Party Complaint (doc. 92).

*Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). While *pro se* pleadings should be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* plaintiffs must still satisfy basic pleading requirements, and courts are not compelled to conjure up facts to support conclusory allegations. *See Clark v. Johnston*, 413 F. App'x 804, 817 (6th Cir. 2011); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Rule 14 allows a defendant to assert a third-party claim against a non-party "who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). The Sixth Circuit has explained when third-party pleading under Rule 14 is proper:

> The purpose of Rule 14 is to permit additional parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit. *Dishong v. Peabody Corp.*, 219 F.R.D. 382, 385 (E.D. Va. 2003); *see also Nova Prods., Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 240 (S.D.N.Y. 2004)("The underlying principle behind impleader is to promote judicial efficiency by permitting the adjudication of several claims in a single action, and thus to eliminate circuitous, duplicative actions.")(citations and internal quotations omitted).

> Third-party pleading is appropriate only where the third-party defendant's liability to the third-party plaintiff is dependent on the outcome of the main claim; one that merely arises out of the same set of facts does not allow a third-party defendant to be impleaded. A defendant attempting to transfer the liability asserted against him by the original plaintiff to the third-party defendant is therefore the essential criterion of a third-party claim. Correlatively, a defendant's claim against a third-party defendant cannot simply be an independent or related claim, but must be based upon the original plaintiff's claim against the defendant. *See Stiber v. United States*, 60 F.R.D. 668, 670 (E.D. Pa.1973)("Under Rule 14, the liability of the third-party must be dependent on the outcome of the main claim."). Rule 14(a) does not allow a third-party complaint to be founded on a defendant's independent cause of action against a third-party defendant, even though arising out of the same occurrence underlying plaintiff's claim, because a third-party complaint must be founded on a third party's actual or potential liability to the defendant for all or part of the plaintiff's claim against the defendant. *United States v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir.

3

1987).

*Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008).

### A. Steve Rauch, Inc. (SRI)

First before the Court is SRI's unopposed motion to dismiss Penland's third-party claims against it. *See* docs. 47, 92. Liberally construing Penland's pleadings, the Court identifies one third-party claim against SRI: tortious interference with a contract between the City of Dayton and A.R. Environmental, Inc. *See* doc. 8 at PageID 118-20; doc. 33 at PageID 278-82. This is not a proper third-party claim – *i.e.,* where "[a] defendant [is] attempting to transfer the liability asserted against him by the original plaintiff to the third-party defendant" – but rather an independent cause of action against SRI. *See Am. Zurich Ins. Co.*, 512 F.3d at 805. Accordingly, SRI's unopposed dismissal motions (docs. 47, 92) are **GRANTED**; Penland's third-party claim against Steve Rauch, Inc. is **DISMISSED**; and the Clerk is **ORDERED** to terminate Steve Rauch, Inc. as a party on the docket of this matter.

### B. City Employees

The same analysis applies in ruling on the unopposed motion of Third-Party Defendants Michael Cromartie, Mark Mueller, William O'Connell and Michael Johnson (collectively "City Employees") to dismiss Penland's third-party claims against them. Doc. 72. Liberally construing Penland's pleadings, it appears he asserts claims for breach of contract, unjust enrichment, and tortious interference with a contract against the City Employees. *See* docs. 8, 12, 33. Specifically, he alleges they wrongfully terminated the City's contract with A.R.; forced A.R. to use a "non-legitimate" subcontractor; and failed to compensate A.R. for its work. *See id.* Further, Penland alleges these actions constituted racial discrimination, asserting claims under Sections 1981, 1983 and 1985, and Title VI. *See id.*

4

Again, these are independent causes of actions against the City Employees, and therefore not proper third-party claims under Rule 14. Accordingly, the City's Employees' motion to dismiss (doc. 72) is **GRANTED**; Penland's third-party claims against Third-Party Defendants Michael Cromartie, Mark Mueller, William O'Connell and Michael Johnson are **DISMISSED**; and the Clerk is **ORDERED** to terminate Michael Cromartie, Mark Mueller, William O'Connell and Michael Johnson as parties on the docket of this matter.

## C. American Contracting Services, Inc. (ACS)

Also before the Court is an unopposed motion of ACS to dismiss Penland's *pro se* third-party claims against it. Doc. 75. Penland apparently claims that ACS owes him a duty to indemnify and/or defend him in this lawsuit. *See* doc. 41. He does not indicate how this duty was established, *i.e.,* that there is a contract obligating ACS to indemnify/defend him. Rather, his only support for this claim is a conclusory statement that ACS is his "surety agent."[4] *See id.* This fact alone is insufficient to state a claim for indemnification and/or duty to defend. *Cf. Wagner-Meinert, Inc. v. EDA Controls Corp.*, No. 06-3777, 2007 U.S. App. LEXIS 4879, at *7-8 (6th Cir. Feb. 23, 2007) (affirming dismissal of indemnification claim for failure to state sufficient facts to show that a duty to indemnify existed). Therefore, ACS's motion to dismiss (doc. 75) is **GRANTED**; Defendant/Third-Party Penland's third-party claims against Third-Party Defendant American Contracting Services, Inc. are **DISMISSED**; and the Clerk is **ORDERED** to terminate American Contracting Services, Inc. as a party on the docket of this matter.

---

[4] Even assuming, *arguendo*, that such a surety agreement exists, contrary to Penland's apparent belief, ACS would owe a duty to *the City* for damages caused by A.R., and would have no duty to indemnify and/or defend him. "[A] surety agreement is a three-way contract written for the benefit and protection of the obligee [which, in this case, would be the City]. The surety essentially extends standby credit by agreeing to answer for the principal's [A.R.'s] debt or default." *Int'l Fid. Ins. Co. v. Vimas Painting Co.*, No. 2:07-cv-298, 2008 U.S. Dist. LEXIS 27018, at *13-14, 2008 WL 926577, at *5 (S.D. Ohio Apr. 3, 2008) (citing *Suver v. Pers. Ins. Co.*, 462 N.E.2d 415, 417 (Ohio 1984)).

5

## II.  Penland's Motions to Amend

Penland has filed two motions for leave to file amend his pleadings.  Docs. 69, 100.

### A.  Penland's First Motion for Leave to Amend

In the first motion, Penland requests leave to file amended third-party claims and also add a counterclaim against the City.  *See* doc. 69.  Specifically, he seeks to assert § 1983 claims against the employees of the City, alleging the following acts of racial discrimination/disparate treatment:  (1) forcing him to sign a contract with a "non-legitimate" company, *see* doc. 69-1 at PageID 443-45; (2) threatening him, *see id.* at PageID 445-48; and (3) refusing to pay A.R. for work it completed, *see id.* at PageID 448-50.  Additionally, Penland seeks to assert a § 1983 counterclaim against the City of Dayton – alleging similar acts of discrimination.  *See* doc. 69-1 at PageID 450-51.

As the parties have not consented to Penland's amendment, Rule 15(a)(2) requires him to obtain the Court's leave to file his amended pleading.  Fed. R. Civ. P. 15(a)(2).  A motion for leave to amend should be denied "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."  *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010).  "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

Here, allowing Penland to amend his third-party claims would be futile because he has not pled proper third-party claims under Rule 14.  Penland is attempting to assert independent causes of actions against these parties that are not dependent on the outcome of the City's claims against him.  *See Am. Zurich Ins. Co.*, 512 F.3d at 805.  Likewise, it would be futile to amend his pleading to add a counterclaim against the City.  The Court already dismissed this same counterclaim in a previous Order.  *See* doc. 64 at PageID 424-26.  Accordingly, Penland's motion for leave to file an amended

6

third-party complaint and counterclaim (doc. 69) is **DENIED**.

### B.  Penland's Second Motion for Leave to Amend

In his second motion, Penland seeks leave to amend to add another Third-Party Defendant: Brower Insurance Agency ("Brower").[5]  Doc. 100.  He claims Brower "has a fiduciary duty to defend *A.R. Environmental, Inc.* as the conduct complaint of by the Plaintiff has occurred within the policy applicable coverage."  *Id.*  (emphasis added).  This motion to amend should likewise be denied because it would be a futile amendment.  As explained numerous times throughout this litigation, Penland does not have standing to represent A.R. (a corporation).  Further, a default judgment has already been entered against A.R.  Accordingly, Penland's motion for leave to amend his third-party complaint to add Brower (doc. 100) is **DENIED**.

### III.  Penland's Other Pending Motions

There are also three pending motions filed by Penland.  First, Penland moves to stay proceedings "until Brower Insurance Agency has been served and has had a chance to respond." Doc. 93.  This motion (doc. 93) is **DENIED AS MOOT** because, as explained above, the Court finds it would be futile to grant him leave to add Brower as a third-party defendant.

Second, Penland filed a motion for relief from the Court's entry of default judgment against A.R.  Doc. 95.  Penland's motion (doc. 95) is **DENIED** because he lacks standing.   The Court entered default judgment against A.R. – not him.  As he is not a licensed attorney, Penland does not have standing to represent A.R.  *See Rowland*, 506 U.S. at 217; *Gerber*, 649 F.3d at 516.

Third, Penland filed a motion asking the Court to reconsider its Order – denying his motion for leave to amend his third-party complaint to add Brower – based on his failure to comply with

---

[5] This is the second time Penland has moved to amend his third-party complaint to add Brower as a third-party defendant.  *See* doc. 94.  This motion was initially denied on July 31, 2012 by notation Order for his failure to advise the Court whether his motion was opposed under S.D. Ohio L.R. 7.3(b).

S.D. Ohio L.R. 7.3. Doc. 97. This motion for reconsideration (doc. 97) is **DENIED AS MOOT** because Penland subsequently re-filed his motion to add Brower as a third-party defendant, and that motion was denied herein. *See supra.*

## IT IS THEREFORE ORDERED AS FOLLOWS:

1. Third-Party Defendant Steve Rauch, Inc.'s motions to dismiss (docs. 47, 92) are **GRANTED**; Penland's third-party claim against Steve Rauch, Inc. is **DISMISSED**; and the Clerk is **ORDERED** to terminate Steve Rauch, Inc. as a party on the docket in this matter;

2. The motion to dismiss by Third-Party Defendants Michael Cromartie, Mark Mueller, William O'Connell and Michael Johnson (doc. 72) is **GRANTED**; Penland's third-party claims against Third-Party Defendants Michael Cromartie, Mark Mueller, William O'Connell and Michael Johnson are **DISMISSED**; and the Clerk is **ORDERED** to terminate Michael Cromartie, Mark Mueller, William O'Connell and Michael Johnson as parties on the docket in this matter;

3. Third-Party Defendant American Contracting Services, Inc.'s motion to dismiss (doc. 75) is **GRANTED**; Defendant/Third-Party Penland's third-party claims against Third-Party Defendant American Contracting Services, Inc. are **DISMISSED**; and the Clerk is **ORDERED** to terminate it as a party on the docket in this matter;

4. Penland's motion for leave to file an amended third-party complaint and counterclaim (doc. 69) is **DENIED**;

5. Penland's motion for leave to file an amended third-party complaint (doc. 100) is **DENIED**;

6. Penland's motion to stay (doc. 93) is **DENIED**;

7. Penland's motion for relief from judgment (doc. 95) is **DENIED**; and

8. Penland's motion for reconsideration (doc. 97) is **DENIED AS MOOT**.


September 18, 2012                              s/ **Michael J. Newman**
                                               United States Magistrate Judge