# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CITY OF DAYTON, | : | |
| Plaintiff, | | Case No. 3:11-cv-383 |
| -vs- | : | Magistrate Judge Michael J. Newman (Consent Case) |
| A.R. ENVIRONMENTAL, INC., *et al.*, | | |
| Defendants. | : | |

---

## ORDER DISMISSING DEFENDANT ALEX PENLAND'S *PRO SE* THIRD-PARTY CLAIMS AGAINST C2 DIVERSIFIED, FITZGERALD MURRAINE, AND MAX FULLER

---

Because Defendant/Third-Party Plaintiff Alex Penland had failed to serve Third-Party Defendants C2 Diversified, Fitzgerald Murraine and Max Fuller within the 120-day deadline under Rule 4(m),[1] on September 20, 2012, the Court issued an Order to Penland to show cause, on or before October 4, 2012, why his claims against these Third-Party Defendants should not be dismissed. *See* doc. 105.  Penland failed to timely respond to this Show Cause Order.  On October 9, 2012, however, he filed a motion for Plaintiff City of Dayton "to provide [him] with [the] addresses of Third-Party Defendants Max Fuller and Fitzgerald Murraine."  *See* doc. 113.

To prevent the dismissal of his third-party claims against these Third-Party Defendants under Rule 4(m), Penland must justify his failure to timely serve these parties – *e.g.,* by showing that he acted diligently and made reasonable efforts to effect service; or that the Marshals Service failed to

---

[1] The summonses were properly issued and the United States Marshals Service attempted to serve these parties, but was unsuccessful, as Penland provided incorrect addresses on the summonses forms.  *See* docs. 37, 43, 57, 79-81.   There is no record of Penland subsequently providing the Court with their correct addresses or otherwise attempting service on these parties.

effect service after he had provided *correct* addresses for the parties to be served.  *See Byrd v. Stone*,

94 F.3d 217, 219 (6th Cir. 1996); *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73-74 (6th Cir. 1994).

Here, the facts show just the opposite.  While Defendant Penland, proceeding *in forma pauperis*, was

entitled to use the United States Marshals Service for service of process, *see* Fed. R. Civ. P. 4(c)(3),

he was first required to provide the Court with the correct addresses for these parties, and he failed

to do so.  *See Jones v. Purcell*, No. 96-1264, 1997 WL 52929, at *1 (6th Cir. Feb. 7, 1997).  Further,

Penland has not shown what subsequent efforts he has made to provide the Court with their correct

addresses after the summonses were returned unexecuted on June 28, 2012.  *See* docs. 79-81.

Accordingly, the Court finds that Penland has failed to show the requisite good cause to excuse his

failure to timely serve these Third-Party Defendants.  *Cf. Davis v. Macconnell*, No. 3:11-CV-90,

2011 WL 5326256, at *2-3, (S.D. Ohio Sept. 16, 2011).  As a result, his third-party claims against

C2 Diversified, Fitzgerald Murraine and Max Fuller are **DISMISSED WITHOUT PREJUDICE**;

and the Clerk is **ORDERED** to terminate Third-Party Defendants C2 Diversified, Fitzgerald

Murraine and Max Fuller.

Further, as Penland has failed to show how Plaintiff City of Dayton has an obligation to

provide him with the addresses for Max Fuller and Fitzgerald Murraine, his motion (doc. 113) is

**DENIED**.

October 12, 2012                                              s/ **Michael J. Newman**
                                                             United States Magistrate Judge

2