# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CITY OF DAYTON, | : | Case No. 3:11-cv-383 |
| Plaintiff, | | Magistrate Judge Michael J. Newman (Consent Case) |
| -vs- | : | |
| A.R. ENVIRONMENTAL, INC., *et al.*, | | |
| Defendants. | : | |

**ORDER: (1) VACATING THE COURT'S OCTOBER 16, 2012 ORDER (DOC. 115); (2) DISMISSING DEFENDANT ALEX PENLAND'S *PRO SE* THIRD-PARTY CLAIMS AGAINST AGIS SURETY COMPANY AND AMERICAN CONTRACTORS INDEMNITY COMPANY; AND (3) TERMINATING AGIS SURETY COMPANY AND AMERICAN CONTRACTORS INDEMNITY COMPANY UPON THE DOCKET**

*Pro se* Defendant Alex Penland failed to timely respond to the Court's Order (by the October 12, 2012 deadline) to show cause why Third-Party Defendants Agis Surety Company ("Agis") and American Contractors Indemnity Company ("ACI") should not be dismissed on account of his failure to timely serve these parties. Doc. 111. Accordingly, on October 16, 2012, the Court issued an Order dismissing Penland's *pro se* third-party claims against Agis and ACI. Doc. 115. Two days later, on October 18, 2012, the Court received Penland's response to the Show Cause Order. Because the Certificate of Service is dated October 10, 2012 – thereby in compliance with the October 12, 2012 deadline – the Court accepts Penland's response as timely under the prison mailbox rule.[1] *See Thompson v. Chandler*, 36 F. App'x 783, 784-85 (6th Cir. 2002). Nonetheless, because in his response, Penland has failed to show sufficient cause to excuse his failure to timely serve these parties, the outcome remains the same – Third-Party

---

[1] Penland is currently incarcerated on unrelated charges in the Pickaway, Ohio Correctional Institution.

Defendants Agis and ACI are dismissed from this case.

In his response to the Court's Show Cause Order, Penland submits documentation indicating that Anthony Balzano (who erroneously accepted service on behalf of Agis and ACI without the authority to do so) is the "Attorney-in-Fact" for "Aegis Security Insurance Company." *See* doc. 116. Anthony Balzano's relationship with "Aegis Security Insurance Company" is irrelevant though because Penland named and attempted to serve "Agis Surety Company" – a different entity – as a third-party defendant. [2] *See* doc. 88. Penland further claims, without citing to any authority, that Anthony Balzano (a non-party) must provide him with the names of the proper individuals to accept service on behalf of Agis and ACI. *See* doc. 116. However, it is Penland's responsibility to find and provide to the Court "sufficiently specific and accurate information about the names and locations of the named defendants." *Davis v. Macconnell*, No. 3:11-cv-90, 2011 U.S. Dist. LEXIS 128706, at *4 (S.D. Ohio Sept. 16, 2011).[3]

As the 120-day deadline to effect service on Agis and ACI has passed, *see* doc. 111, Penland must show good cause for his failure to timely and properly serve them in order to prevent the dismissal pursuant to Rule 4(m). *See Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521-22 (6th Cir. 2006). He has failed to do so. Accordingly, his claims against these third-party defendants are dismissed.

Further, the Court notes that it would be futile to allow Penland to amend his third-party complaint to name "Aegis Security Insurance Company" as a third-party defendant. Penland asserts that Aegis Security Insurance Company is his surety company, and therefore has a duty to

---

[2] Penland does not provide any documentation regarding Anthony Balzano's relationship to ACI. *See* doc. 116.

[3] Penland also argues that the insufficient-service-of-process defense was waived when Anthony Balzano accepted service of the summons and complaint on behalf of Agis and ACI. However, this attempted service of process was invalid because Mr. Balzano was not "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" for Agis or ACI. Fed. R. Civ. P. 4(h)(1); *see also Whisman v. Robbins*, 712 F. Supp. 632, 635-36 (S.D. Ohio 1988).

indemnify and defend him against Plaintiff's claims. *See* doc. 41. Penland appears to be mistaken with respect to the role of a surety company, however. "[A] surety agreement is a three-way contract written for the benefit and protection of the obligee [which, in this case, would be the City]. The surety essentially extends standby credit by agreeing to answer for the principal's [A.R.'s] debt or default." *Int'l Fid. Ins. Co. v. Vimas Painting Co.*, No. 2:07-cv-298, 2008 U.S. Dist. LEXIS 27018, at *13-14, 2008 WL 926577, at *5 (S.D. Ohio Apr. 3, 2008) (citing *Suver v. Pers. Ins. Co.*, 462 N.E.2d 415, 417 (Ohio 1984)). Contrary to Penland's apparent belief, Aegis Security Insurance Company would not have a duty to indemnify and/or defend him, even assuming, *arguendo*, that such a surety agreement exists. Thus, a motion for leave by Penland to amend his third-party complaint, and name "Aegis Security Insurance Company" as a third-party defendant, would be denied as a futile amendment. *See Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010).

       Accordingly, the Court **ORDERS** as follows:

1. The Court's October 16, 2012 Order (doc. 115) is **VACATED** because the Court timely received Defendant Penland's *pro se* response to the Show Cause Order under the prison mailbox rule;

2. Defendant's third-party claims against Agis Surety Company and American Contractors Indemnity Company are **DISMISSED WITHOUT PREJUDICE**; and

3. Third-Party Defendants Agis Surety Company and American Contractors Indemnity Company are **TERMINATED** upon the docket of this case, and the Clerk of Courts shall modify the docket sheet to reflect this dismissal.

October 24, 2012                                          s/ **Michael J. Newman**
                                                                                     United States Magistrate Judge